■ JILL BAUMAN, Respondent, v HADJI BENLIVI et al., Appellants, and ALICIO BENITEZ et al., Respondents. [739 NYS2d 159] —In an action to recover damages for personal injuries, the defendants Hadji Benlivi and Haleh Benlivi appeal from an order of the Supreme Court, Queens County (Weiss, J.), dated April 16, 2001, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with costs.

This action arises from a multivehicle collision. A vehicle driven by the defendant Sarah Edalati allegedly slid on an icy road into the rear bumper of a vehicle which was stopped at a stop sign and in which the plaintiff was a passenger. A vehicle driven by the defendant Haleh Benlivi then collided with the rear of the Edalati vehicle.

The Supreme Court properly denied the motion of the defendants Haleh Benlivi and Hadji Benlivi for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Their proof was insufficient to demonstrate the absence of a material issue of fact on the question of whether Haleh Benlivi's alleged negligence was a proximate cause of the plaintiff's injury (see, *Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557). There is a triable issue of fact as to whether the single impact felt by the plaintiff, which allegedly caused her injury, was the impact of the Edalati vehicle with the vehicle in which the plaintiff was a passenger, or the impact of the Benlivi vehicle with the Edalati vehicle at a time when the Edalati vehicle was in contact with the vehicle in which the plaintiff was a passenger. Thus, summary judgment was properly denied. Florio, J.P., O'Brien, H. Miller and Townes, JJ., concur.